Billups v. Daggs.

---

WILLIAM BILLUPS, Respondent, v. ROBERT E. DAGGS, Appellant.

St. Louis Court of Appeals, December 17, 1889.

1. **Contract:** PERFORMANCE BY PLAINTIFF. In order to recover for a breach of a contract the party complaining must aver and prove performance of the contract on his part, except when it is apportionable.

2. **Practice, Trial:** INCONSISTENT INSTRUCTIONS. The giving of an erroneous instruction is not cured by the giving of a proper instruction on the same subject, when it does not appear whether the jury were influenced by the former.

*Appeal from the Scotland Circuit Court.*—HON. EDWARD HIGBEE, Special Judge.

REVERSED AND REMANDED.

*Robert E. Daggs, pro se.*

*Smoot & Pettingill,* for the respondent.

THOMPSON, J., delivered the opinion of the court. This action was commenced before a justice of the peace to recover damages for the breach of a contract. Such proceedings were had that, on a trial anew before

a jury in the circuit court, the plaintiff had a verdict and judgment, from which the defendant prosecutes this appeal.

The plaintiff's case, as exhibited by his statement and evidence, was, in substance, that he had leased a tract of ground from the defendant and had therein planted a crop of corn, on an agreement that the plaintiff was to have two-fifths, and the defendant three-fifths, of the crop when it should be gathered; that the plaintiff was indebted to the defendant in the sum of twenty-four dollars and fifty cents, evidenced by a promissory note; that the plaintiff was also indebted to a third party, named Permort, in the sum of thirty dollars, evidenced by a promissory note; that, after the crop matured, but before it was gathered, the plaintiff and the defendant agreed that the plaintiff should turn over to the defendant his interest in the crop and surrender his lease, in consideration of which the defendant should pay the plaintiff two dollars and fifty cents in cash, should relieve him of liability on the note for twenty-four dollars and fifty cents, which he held against him, and should also pay off the note for thirty dollars which Permort held against him. The substantial question of fact in controversy between the parties was, whether the plaintiff was to turn over to the defendant the corn as it stood in the field, or whether he was to gather it and deliver it to him. The plaintiff's evidence tended to show that he was to do the former, and the defendant's that he was to do the latter.

In this state of case the circuit court gave the two following instructions, the first at the request of the plaintiff, and the second at the request of the defendant:

"The court instructs the jury that, although they may believe, from the evidence in the cause, that plaintiff sold defendant his corn in the field and agreed to gather the same, still the jury should find for the plaintiff such sum as they may believe, from all the evidence

in the cause, is due him, after deducting such damages as the evidence may show the defendant sustained by reason of such failure, provided you find from the evidence that the money was due and payable at the time this suit was brought."

"The court instructs the jury that if they believe from the evidence that defendant agreed to pay off and discharge a note of Permort of thirty dollars, when plaintiff gathered a field of corn, then no cause of action could accrue until he so gathered same, and if you so believe that such was the contract you will find for the defendant."

It is perceived that these instructions announce two contradictory propositions of law. The first tells the jury that, although the contract was that the plaintiff should gather the crop of corn, the jury may nevertheless find for the plaintiff, after deducting such damages as the defendant may have sustained by a breach of the contract on the plaintiff's part. This is not the law. In every case, the plaintiff, in order to recover on a contract, must aver and prove performance of the contract, except where it is apportionable, which is not the case here. This proposition was correctly stated in the second instruction, given at the request of the defendant. But the giving of the second instruction did not cure the error of giving the first; because, the jury having found for the plaintiff, it cannot be known that they were not influenced so to find by the first instruction. The judgment will be reversed and the cause remanded. All the judges concur.